J. W. MACON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11312. Promulgated June 21, 1927.

A joint return for husband and wife having been filed for the calendar year 1923, separate returns may not be subsequently filed for that year.

*J. M. McMillin, Esq.*, for the petitioner.
*Shelby Faulkner, Esq.*, for the respondent.

This proceeding results from the determination by respondent of a deficiency in income tax for the calendar year 1923, in the amount of $569.08. Three errors were assigned: (1) The respondent erred in

not allowing petitioner a deduction for oil depletion of $2,848.49; (2) the respondent erred in considering the amount received as a bonus by petitioner in connection with the sale of certain oil leases and totaling $14,650, as income to petitioner for the year 1923; (3) the respondent erred in refusing to accept a separate return for the year 1923, after the petitioner had filed a joint return of income for the year 1923.

### FINDINGS OF FACT.

Petitioner is an individual residing at Moran, Tex. For the calendar year 1923, he filed a joint return of income, which return included the community income of himself and wife. Subsequently, he endeavored to file a separate return of income for the calendar year 1923, which the respondent refused to accept.

### OPINION.

MILLIKEN: At the date of trial of this proceeding, petitioner failed to appear and his counsel stated that without his testimony no evidence could be introduced in support of the first and second assignments of error. No reason was offered for the nonappearance of petitioner and no motion made for a continuance of the hearing. Concerning the first and second assignments of error, the determination of the respondent is sustained.

We have decided in *R. Downes, Jr.*, v. *Commissioner*, 5 B. T. A., 1029, that where a man and wife living in Louisiana, filed a joint return and included therein the income of both, they could not subsequently file a return on a separate basis under the community property law. This proceeding falls squarely within that decision.

*Judgment will be entered for the respondent.*